IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, 80 F Street NW, Washington DC 20001, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| FEDERAL SERVICE IMPASSES PANEL, 1400 K Street NW, Washington, D.C. 20424; | ) ) ) ) | |
| and | ) ) | |
| MARK ANTHONY CARTER, In his official capacity as Chairman of the Federal Service Impasse Panel, 1400 K Street NW, Washington, D.C. 20424; | ) ) ) ) ) | |
| and | ) ) | |
| FEDERAL LABOR RELATIONS AUTHORITY 1400 K Street NW, Washington, D.C. 20424; | ) ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. Plaintiff American Federation of Government Employees, AFL-CIO, ("AFGE")

   challenges, as improperly issued and *ultra vires*, the decision of the Federal Service

   Impasses Panel ("Panel") in *Social Security Administration and American Federation of*

   *Government Employees*, 19 FSIP 019 (May 29, 2019) ("*SSA and AFGE*"). A copy of the

   Panel's decision accompanies this complaint.

1

2.  The Federal Service Labor-Management Relations Statute, 5 U.S.C. Chapter 71, (the "Statute") establishes the Federal Labor Relations Authority ("Authority") and provides that the Authority is composed of three members who "shall be appointed by the President by and with the advice and consent of the Senate." 5 U.S.C. § 7104(b).

3.  The Statute gives the Authority a variety of powers and duties relating to federal sector labor relations. 5 U.S.C. § 7105. And the Statute expressly provides, with respect to the Authority's ability to use its powers, that "[a] vacancy in the Authority shall not impair the right of the remaining members to exercise all of the powers of the Authority." 5 U.S.C. § 7104(d).

4.  Similar to the Authority, the Statute separately establishes the Federal Service Impasses Panel ("Panel"). 5 U.S.C. § 7119. The Panel is empowered to resolve negotiation impasses that may arise between an agency and a labor organization engaged in collective bargaining - so long as the Panel does not take any action inconsistent with the Statute. 5 U.S.C. § 7119(c)(5)(B)(iii).

5.  The Statute expressly prohibits the Panel from taking any action that would be contrary to any provision of the Statute. 5 U.S.C. § 7119(c)(5)(B)(iii).

6.  The Statute also treats the Panel differently from the Authority in two key respects. First, the Statute provides that "[t]he Panel shall be composed of a Chairman and *at least* six other members, who shall be appointed by the President," without the advice and consent of the Senate. 5 U.S. C. § 7119(c)(2) (emphasis added).

7.  Panel members may also be removed by the President at any time. 5 U.S.C. § 7119(c)(3).

8.  The second key respect in which the Statute treats the Panel differently from the Authority is that the Statute contains no provision that grants the Panel or its members the

ability to exercise any of its powers in the event of a vacancy. Compare 5 U.S.C. § 7104(d) with 5 U. S. C. § 7119(c)(2).

9.  On May 29, 2019, the Panel issued its decision in *SSA and AFGE*, ostensibly resolving a bargaining impasse between AFGE and the Social Security Administration ("SSA").

10. At the time that the Panel issued *SSA and AFGE*, the Panel was composed of a chairman and only five other members.

11. The Panel's issuance of SSA and AFGE without a complete, seven-member panel exceeded its authority under the Statute, inasmuch as the Panel issued the decision without having a "*Chairman and at least six other members*" as required by 5 U.S.C. § 7119(c)(2).

12. The Panel also exceeded its authority under the Statute by ordering final actions in *SSA and AFGE* that are inconsistent with specific provisions of the Statute.

13. Among other things, the Panel ordered the parties to adopt terms for Articles 30 and 11 of their successor collective bargaining agreement which are inconsistent with the Statute.

14. Specifically, even though the Panel found the terms proposed by SSA for Article 30 to be inconsistent with 5 U.S.C. § 7131(d), which requires agencies to grant union representatives paid "official time" to perform union representational duties in any amount that the agency and the union agree to be reasonable, necessary, and in the public interest, the Panel nonetheless imposed SSA's proposals on the parties.

15. As a result, the Panel acted in excess of its statutory authority and in direct contravention of the Statute by imposing SSA's proposals for Article 30 on the parties.

16. With respect to Article 11, the Panel ordered the imposition of SSA's proposal on AFGE's use of SSA facilities and communications systems.

17. SSA's Article 11 proposal, however, so severely restricts AFGE's use of SSA facilities and communication systems that it is inconsistent with rights which the Statute grants to employees under 5 U.S.C. § 7102, such as the right to act as representatives of AFGE, and to AFGE under 5 U.S.C. § 7114(a), such as the right to act for employees in bargaining units represented by AFGE.

18. As a result, the Panel acted in excess of its statutory authority and in direct contravention of the Statute by imposing SSA's proposals for Article 11 on the parties.

19. Consequently, the Panel's decision in *SSA and AFGE* was issued in excess of the Panel's authority under the Statute and is contrary to the Statute's limitation that the Panel may not take any action inconsistent with the Statute. The Panel's decision should therefore be declared void and vacated.

## JURISDICTION

20. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1334, and 5 U.S.C. § 702.

21. AFGE seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

22. Pursuant to 28 U.S.C. § 1391(e)(1), the District of Columbia is a proper venue for this action because Plaintiff AFGE is headquartered here, and because defendants' principal offices are located here.

## PARTIES

23. AFGE is a national labor organization and unincorporated association having its headquarters at: 80 F Street N.W., Washington, D.C. 20001. AFGE represents approximately 650,000 federal civilian employees in agencies and departments across the federal government.

24. AFGE and its affiliated councils and locals are the certified exclusive representative of approximately 45,000 employees at the Social Security Administration ("SSA").

25.  AFGE represents these SSA employees by, *inter alia*, negotiating collective bargaining agreements, arbitrating grievances brought pursuant to applicable negotiated grievance procedures, representing employees in formal discussions or investigative examinations pursuant to 5 U.S.C. § 7114(a)(2), litigating employees' collective and individual rights before administrative agencies and in court, and generally acting as SSA employees' exclusive representative for the purpose of collective bargaining with SSA.

26. AFGE members, officers, and other representatives, perform many of these representational tasks on official time negotiated pursuant to 5 U.S.C. § 7131(d).

27. Currently, AFGE uses SSA facilities and communication systems both on official time and non-duty time to perform is representational duties under the Statute.

28. Defendant Federal Labor Relations Authority ("Authority") is a federal agency headquartered at 1400 K Street NW, Washington, D.C. 20424.

29. Defendant Federal Service Impasses Panel ("Panel") is an entity within the Authority, headquartered at 1400 K Street NW, Washington, D.C. 20424.

30. Defendant Mark Anthony Carter is the Chairman of the Panel. He is sued solely in his official capacity. Defendant Carter is serving the remainder of a five-year term set to expire on January 10, 2022.

## FACTS

**The Federal Service Labor-Management Relations Statute**

31. When enacting the Statute, Congress explicitly found that labor organizations and collective bargaining are in the public interest. 5 U.S.C. § 7101(a).

32.  Congress also found that collective bargaining facilitates and encourages the amicable
settlements of disputes between employees and their employers involving conditions of
employment. 5 U.S.C. § 7101(a)(1)(c).

33. The Statute created the Authority. 5 U.S.C. § 7104.

34. The Statute expressly provides that "[a] vacancy in the Authority shall not impair the
right of the remaining members to exercise all of the powers of the Authority." 5 U.S.C. §
7104(d).

35. The Statute requires that negotiations, including negotiations concerning Section 7131(d),
be approached with a sincere resolve to reach agreement. 5 U.S.C. §7114(b)(1).

36. The Statute created the Panel and charged it with providing assistance in resolving
negotiation impasses between agencies and exclusive representatives.  5 U.S.C. §
7119(c)(1).

37. 5 U.S.C. § 7119(c)(1) provides that either agencies or exclusive representatives may seek
the Panel's assistance in resolving an impasse.

38. 5 U.S.C. § 7119(c)(2) mandates that the Panel shall be composed of a Chairman and at
least six other members.

39. 5 U.S.C. § 7119(c)(5)(B)(iii) authorizes the Panel to resolve negotiation impasses that
may arise between an agency and a labor organization engaged in collective bargaining
so long as the Panel does not take any action inconsistent with the Statute.

40. 5 U.S.C. § 7102, as part of the Statute, protects the right of employees to form, join, or
assist any labor organization freely and without fear of penalty or reprisal.

41. 5 U.S.C. § 7102 (1) further guarantees the right of employees to act as a representative of
a labor organization, to present the labor organization's views to agency officials, the

Congress, and other appropriate authorities, and to engage in collective bargaining over conditions of employment through representatives of their choosing.

42. 5 U.S.C. § 7114(a)(1) provides, *inter alia*, that a labor organization is entitled to act for all employees in a unit for which it has been certified as the exclusive representative.

43. 5 U.S.C. § 7114(a)(2) requires that an exclusive representative generally be given the opportunity to be represented at meetings between an agency and employees in its unit.

44. 5 U.S.C. § 7131(d) provides that "any employee representing an exclusive representative," or "in connection with any other matter covered by this chapter, any employee in an appropriate unit represented by an exclusive representative, shall be granted official time in any amount the agency and the exclusive representative involved agree to be reasonable, necessary, and in the public interest."

45. In other words, union representatives must be granted official time in any amount that the agency and the union mutually agree to be reasonable, necessary, and in the public interest.  Likewise, any employee who is a member of a bargaining unit represented by a union must be granted official time in connection with any other matter covered by the Statute in any amount that the agency and the union mutually agree to be reasonable, necessary, and in the public interest.

46. Official time provided under 5 U.S.C. § 7131(d) is specifically provided for employees in bargaining units represented by a union. Such employees are also independently entitled to official time under different authorities, such as 29 CFR § 1614.605, that apply to all federal employees.

47. 29 CFR § 1614.605 requires an agency to provide a federal employee official time to represent and participate in Equal Employment Opportunity Commission ("EEOC")

proceedings, regardless of whether the employee is in a bargaining unit represented by a union.

**The Panel's Composition**

48. On or about May 18, 2017, the President discharged all members of the Panel, which left all positions on the Panel vacant.

49. Following the discharge of the entire Panel, on or about July 26, 2017, the President appointed defendant Mark Carter to be Chairman of the Panel and appointed the following individuals to be members: Andrea Fisher Newman; David R. Osborne; Karen M. Czarnecki; Donald Todd; Jonathan Riches; F. Vincent Vernuccio.

50. On January 10, 2019, however, the appointments of Donald Todd, Jonathan Riches and F. Vincent Vernuccio expired, leaving the Panel with a chairman and less than six members.

51. On May 3, 2019, Jonathan Riches and F. Vincent Vernuccio were reappointed for the remainders of five-year terms expiring on January 10, 2024, leaving the Panel with a chairman and five other members. Donald Todd was not reappointed.

52. On May 29, 2019, the Panel issued its decision in *AFGE and SSA*.

53. As of May 29, 2019, however, the President had not made any appointment to fill the position left vacant by Donald Todd.

54. Consequently, by issuing *AFGE and SSA* without a Chairman and at least six other members, and because nothing in the Statute empowers the Panel to take a final action notwithstanding vacancies in its membership, the Panel acted in violation of 5 U.S.C. § 7119(c)(2) and exceeded its authority under the Statute.

**Impasse Proceedings Between AFGE and SSA**

55. SSA is a federal agency subject to the Statute.

56. AFGE and SSA have a longstanding and continuing collective bargaining relationship that also falls under the Statute.

57. AFGA and SSA are parties to a term collective bargaining agreement that purportedly expired on March 31, 2018.

58. On December 7, 2017, SSA notified AFGE that it wished to negotiate a new successor term collective bargaining agreement to replace the expiring agreement.

59. AFGE and SSA entered into a "ground rules" agreement on March 19, 2018, that governed the negotiation of this successor term collective bargaining agreement.

60. Between June and December of 2018, AFGE and SSA bargained over a successor term agreement.

61. On January 10, 2019, however, SSA filed a request for the Panel's assistance with a purported impasse.

62. Despite AFGE's objection, the Panel asserted jurisdiction over the purported impasse on March 26, 2019.

63. The Panel determined that it had jurisdiction over issues in twelve articles of the parties' successor collective-bargaining agreement.

64. Among the twelve articles over which the Panel chose to exercise jurisdiction were Article 11 and Article 30. Article 11 covers the AFGE's use of facilities and communications. Article 30 covers official time negotiated under the Statute.

65. On April 17, 2019, the parties submitted position statements on the disputed issues to the Panel. The position statements contained the parties' respective proposals on the twelve

articles in dispute and a one-page justification for each article, which was the page limit imposed by the Panel.

66. On May 1, 2019, the parties submitted rebuttal statements to the April 17, 2019, submissions. The Panel restricted the parties' rebuttal statements to one-page for each disputed article.

67. On May 29, 2019, the Panel, consisting of the Chairman and five other members, issued its decision in *SSA and AFGE* ordering the parties to adopt the provisions as stated in the decision.

**AFGE's Position on Relevant Articles**

68. AFGE proposed that the parties retain the language in Article 11 from the prior agreement. Article 11 of the prior agreement permitted AFGE to use SSA facilities and communication systems to perform statutorily required representational duties.

69. The prior agreement permitted AFGE to use the dedicated office space in SSA facilities to which AFGE has historically had access. The prior agreement permitted AFGE to use these offices both on official time and off-duty.

70. AFGE proposed retaining the majority of Article 30's provisions on official time, which involved a system under which official time was deducted from a bank of hours; except that AFGE proposed reducing the union's bank of official time by 20,000 hours.

71. AFGE's proposal reflected the amount of time that the union has previously spent engaging in representational activity on behalf of the 45,000 SSA employees that it represents.

**SSA's Position on Relevant Articles**

72. SSA's proposed Article 11 attempts to impair AFGE from representing SSA employees in bargaining units for which AFGE is the exclusive representative. The proposal eliminates AFGE's ability to use SSA office space for representational functions.

73. SSA explicitly stated that the goal of its proposal was to eliminate any dedicated office space to union representatives in SSA facilities. SSA's proposal also eliminates AFGE's ability to use any basic office supplies at SSA.

74. SSA's proposal to eliminate AFGE's use of basic office supplies and office space at SSA facilities will hinder AFGE's ability to represent employees by preventing for employees to seek out representation because employees will be forced to travel away from their duty stations to meet at their representatives' offices.

75. SSA's proposal will also result in the closure of AFGE offices in SSA facilities that have been used for representational functions for decades.

76. SSA's proposal will further result in the loss of a secure and centralized location to store confidential union documents.

77. SSA's Article 30, as imposed by the Panel, severely restricts AFGE's ability to represent SSA employees on official time. The proposal reduces the aggregate amount of official time available to AFGE from a bank of 250,000 hours to a bank of 50,000 hours.

78. The imposed article, moreover, implemented numerous restrictions attempting to prevent AFGE representatives from using official time. For instance, the proposal places arbitrary caps on the amount of official time an AFGE representative can use per year.

79. SSA's proposals also require AFGE, its members, officers, or other representatives, to exhaust official time from the 50,000 hour bank before obtaining official time pursuant to

29 CFR § 1614.605, which provides federal employees official time to represent and participate in Equal Employment Opportunity Commission ("EEOC") proceedings.

80. By requiring AFGE, its members, officers, or other representatives, to exhaust official time through its bank of hours before being granted regulatory EEOC time, the proposal imposes a limitation on their rights under 29 CFR § 1614.605 that is not imposed on employees unaffiliated with AFGE. As a result, the proposal penalizes employees based on their membership in a labor organization.

81. The official time provided under 29 CFR § 1614.605 is for representational purposes distinct from those under 5 U.S.C. § 7131(d). By conflating the two forms of official time, SSA's proposal is inconsistent with the Statute.

82. Concurrent with the restrictions on using official time, SSA's proposal limits AFGE to designating a single representative per office that may request official time.

83. Combined with the arbitrary cap on the amount of official time an individual representative can use, this limit will effectively prevent AFGE from using official time in the manner required by the Statute and operates as an impermissible forced waiver of AFGE's rights under the Statute.

84. SSA's statement of position justifies the proposed restrictions on official time on unsupported assertions about the alleged cost of providing official time. SSA's position statement, however, fails to discuss the value provided by the representational functions performed on official time.

85. Additionally, SSA attempted to justify its proposed reduction in official time hours based on exclusions it proposed to the parties' arbitration and grievances articles. The Panel

rejected SSA's proposed exclusions to the parties' arbitration and grievance articles.

Consequently, the exclusions cannot possibly serve as a basis for the SSA's proposal.

**Panel Decision**

86. On May 29, 2019, the Panel issued its decision in *SSA and AFGE.*

87. The Panel adopted SSA's proposals for most of the disputed articles.

88. However, the Panel rejected SSA's proposal to exclude numerous topics from the parties' grievance and arbitration provisions.

89. For Article 11, the Panel adopted a modified version of SSA's proposal. The only modifications to SSA's proposal that the Panel ordered involved striking the proposal's restriction on language that would "malign, demean, or insult" employees. The Panel's decision adopted the remainder of SSA's proposed restrictions on the use of SSA facilities and communication systems.

90. As a result of the Panel's decision, AFGE, its members, representatives, and officers will no longer be able to use SSA facilities for office space, or have access to basic office supplies at SSA facilities.

91. In discussing the parties' submissions involving Article 30, the Panel correctly noted that official time is governed by 5 U.S.C. § 7131. The Panel further found that the amount of official time negotiated under 5 U.S.C. § 7131(d), must be agreed as "reasonable, necessary, and in the public interest."

92. Given the requirements of 5 USC § 7131(d), the Panel held that it would examine the parties' submissions to assess whether their respective proposals included an amount of time that was "reasonable, necessary, and in the public interest."

93. The Panel found that neither SSA nor AFGE proposed a number of official time hours that met the criteria in 5 U.S.C. § 7131(d).

94. The Panel found that SSA failed to support how its proposed number of official time hours was reasonable, necessary, and in the public interest.

95. Despite declaring both proposals inconsistent with 5 U.S.C. § 7131(d), the Panel adopted SSA's proposal.

96. Therefore, the Panel's decision is inconsistent with 5 U.S.C. § 7131(d).

97. The Panel's adoption of SSA's other proposed restrictions on AFGE's use of official time is also inconsistent with the Statute.

98. The Panel's decision in *SSA and AFGE* impermissibly restricts the amount of official time AFGE may bargain for pursuant to 5 U.S.C. § 7131(d).

99. AFGE has a statutory duty of fair representation to its bargaining unit employees in the negotiated grievance and collective bargaining processes. AFGE, by and through its councils and locals, uses official time to meet this duty of fair representation.

100. The Panel's decision in *SSA and AFGE* will harm AFGE and its members by diminishing the overall number of AFGE representatives available to assist employees. The decision will also harm AFGE and its members by restricting when this now smaller number of AFGE representatives will be available to assist employees because it places an arbitrary cap on official time and will force AFGE representatives to use non-duty time to assist bargaining unit members.

101. The Panel's decision in *SSA and AFGE* will deter employees from associating with AFGE representatives, for example, by limiting their access to official time and thereby restricting their ability to represent other employees and penalizing them

financially when they do so.

102.      SSA provides facilities to other non-governmental organizations without charge.

103.      The Panel's decision in *SSA and AFGE* will eliminate AFGE's use of SSA

facilities, except on an as needed basis. This will harm AFGE's abilities to represent its

members and carry out its statuory obligations. The decision will also result in AFGE's

access to SSA facilities being disparately restricted.

104.      Consequently, by issuing *AFGE and SSA* and imposing collective bargaining

terms that are expressly inconsistent with the Statute, the Panel acted in violation of 5

U.S.C. § 7119(c)(5)(B)(iii) and exceeded its authority under the Statute

105.      The Panel's May 29, 2019, decision in *SSA and AFGE* is a final decision that is

not subject to administrative review.

106.      This action is the only mechanism through which AFGE may obtain judicial

review of the Panel's *ultra vires* actions in *SSA and AFGE.*

## COUNT I

*Ultra Vires*
*Panel Composition*

107.      AFGE realleges and incorporates by reference the allegations contained in

paragraphs 1 through 106.

108.      5 U.S.C. § 7119(c)(2) mandates that the Panel shall be composed of a Chairman

and at least six other members.

109.      5 U.S.C. § 7119(c)(5)(B)(iii) authorizes the Panel to resolve negotiation impasses

that may arise between an agency and a labor organization engaged in collective

bargaining so long as the Panel does not take any action inconsistent with the Statute.

110.      The Statute does not grant the Panel the power to issue decisions or take final actions without a Chairman and at least six other Panel members.

111.      The Panel issued its decision in *SSA and AFGE* with a Chairman and only five other members.

112.      By issuing its decision in *SSA and AFGE* without the statutory mandated composition of Chairman and at least six other members, the Panel took an action inconsistent with clear and mandatory requirements set by the Statute.

113.      Consequently, the Panel's decision in *SSA and AFGE* is in excess of its delegated powers and contrary to 5 U.S.C. § 7119(c)(5)(B)(iii)'s prohibition of acting in a manner inconsistent with the Statute.

114.      Consequently, the Panel's decision in *SSA and AFGE* is *ultra vires* and void.

## COUNT II

*Violation of the Administrative Procedure Act*
*5 U.S.C. § 706(2)(C)*

115.      AFGE realleges and incorporates by reference the allegations contained in paragraphs 1 through 114.

116.      5 U.S.C. § 7119(c)(2) mandates that a Panel shall be composed of a Chairman and at least six other members.

117.      5 U.S.C. § 7119(c)(5)(B)(iii) authorizes the Panel to resolve negotiation impasses that may arise between an agency and a labor organization engaged in collective bargaining so long as the Panel does not take any action inconsistent with the Statute.

118.      The Statute does not grant the Panel the power to issue decisions or take final actions without a Chairman and at least six other Panel members.

119.     By issuing its decision in *SSA and AFGE* without the Chairman and at least six

other members, the Panel took an action inconsistent with clear and mandatory

requirements set by the Statute.

120.     Consequently, the Panel's decision in *SSA and AFGE* is contrary to 5 U.S.C. §

706(2)(c).

## COUNT III

*Ultra Vires*
*Article 30 – 7131(d)*

121.     AFGE realleges and incorporates by reference the allegations contained in

paragraphs 1 through 120.

122.     5 U.S.C. § 7119(c)(5)(B)(iii) authorizes the Panel, if no resolution is reached on

the impasse, to take whatever action is necessary and not inconsistent with the Statute.

123.     5 U.S.C. § 7131(d) requires that union officials and employees be granted official

time in an amount the agency and the exclusive representative agree is reasonable,

necessary, and in the public interest.

124.     The Panel's decision in *SSA and AFGE* imposes an amount of official time that

neither the parties nor Panel agree is reasonable, necessary, and in the public interest.

125.     By imposing an amount of official time that was not agreed to be reasonable,

necessary, and in the public interest, the Panel's decision in *SSA and AFGE* is

inconsistent with the Statute.

126.     Consequently, the Panel's decision in *SSA and AFGE* is in excess of its delegated

powers and contrary to 5 U.S.C. § 7119(c)(5)(B)(iii)'s prohibition of acting in a manner

inconsistent with the Statute.

127.     The Panel's decision in *SSA and AFGE* is therefore *ultra vires* and void.

## COUNT IV

*Ultra Vires*
*Article 30*

128.      AFGE realleges and incorporates by reference the allegations contained in

paragraphs 1 through 127.

129.      5 U.S.C. § 7119(c)(5)(B)(iii) authorizes the Panel, if no resolution is reached on

the impasse, to take whatever action is necessary and not inconsistent with the Statute.

130.      5 U.S.C. § 7102, as part of the Statute, protects the right of employees to form,

join, or assist any labor organization freely and without fear of penalty or reprisal.

131.      5 U.S.C. § 7114(a)(1) provides, *inter alia*, that a labor organization is entitled to

act for all employees in a unit it has been certified as the exclusive representative of.

132.      5 U.S.C. § 7114(a)(2) requires that an exclusive representative generally be given

the opportunity to be represented at meetings between an agency and employees in its

unit.

133.      The Panel's decision in *SSA and AFGE* imposes restrictions on official time that

prevents AFGE, by and through its members, officers, and other representatives, from

acting on behalf of employees in bargaining units for which it is certified as the exclusive

representative. The decision, therefore, violates AFGE's rights under 5 U.S.C. § 7114(a),

and unlawfully impairs employees from exercising their rights under 5 U.S.C. § 7102.

134.      The Panel's decision in *SSA and AFGE* also treats AFGE members,

representatives, and officers, disparately by limiting their ability to use regulatory official

time under 29 CFR § 1614.605. The decision, therefore, discriminates against AFGE

members, representatives, and officers, and penalizes them based on their membership in

a labor organization in violation of 5 U.S.C. § 7102.

135.     Consequently, the Panel's decision in *SSA and AFGE* is in excess of its delegated

powers and contrary to 5 U.S.C. § 7119(c)(5)(B)(iii)'s prohibition of acting in a manner

inconsistent with the Statute.

136.     The Panel's decision in *SSA and AFGE* is therefore *ultra vires* and void.

## COUNT V

*Ultra Vires*
*Article 11*

137.     AFGE realleges and incorporates by reference the allegations contained in

paragraphs 1 through 136.

138.     5 U.S.C. § 7119(c)(5)(B)(iii) authorizes the Panel, if no resolution is reached on

the impasse, to take whatever action is necessary and not inconsistent with the Statute.

139.     5 U.S.C. § 7102, as part of the Statute, protects the right of employees to form,

join, or assist any labor organization freely and without fear of penalty or reprisal.

140.     5 U.S.C. § 7114(a)(1) provides, *inter alia*, that a labor organization is entitled to

act for all employees in a unit it has been certified as the exclusive representative of.

141.     5 U.S.C. § 7114(a)(2) requires that an exclusive representative generally be given

the opportunity to be represented at meetings between an agency and employees in its

unit.

142.     The restrictions on the use of SSA's facilities and communications systems

imposed by the Panel's decision in *SSA and AFGE*, will inhibit AFGE, its members,

officers, and other representatives, from acting for and representing employees in

bargaining units that AFGE has been certified as the exclusive representative. The

decision, therefore, violates 5 U.S.C. § 7114(a).

143.     By limiting AFGE's ability to represent and communicate with employees in

bargaining units it is the exclusive representative of, the Panel's decision also unlawfully impedes employees in exercising their rights under 5 U.S.C. § 7102.

144.     Consequently, the Panel's decision in *SSA and AFGE* is in excess of its delegated powers, contrary to 5 U.S.C. § 7119(c)(5)(B)(iii)'s prohibition of acting in a manner inconsistent with the Statute.

145.     The Panel's decision in *SSA and AFGE* is therefore *ultra vires* and void.

## RELIEF REQUESTED

AFGE respectfully requests that this Court enter an **ORDER:**

(1) Vacating the Panel's decision in *SSA and AFGE* in in its entirety; and

(2) Declaring the Panel's decision in *SSA and AFGE* to be *ultra vires* and void, in violation of the Administrative Procedure Act; and

(3) Declaring Articles 11 and 30 as imposed by the Panel's decision in *SSA and AFGE* to be inconsistent with the Statute and therefore void; and

(4) Declaring that the Panel may not exercise its powers unless it is composed of a Chairman and at least six other members; and

(5) Granting plaintiff attorney's fees and costs; and

(6) Granting such other relief as this Court deems necessary and proper.


Respectfully submitted,


Andres M. Grajales
Deputy General Counsel
D.C. Bar No. 476894
AFGE Office of General Counsel
80 F Street NW
Washington, DC 20001
Tel: (202) 639-6426

Fax: (202) 379-2928
Email: Grajaa@afge.org

/s/ Hampton H. Stennis
Hampton H. Stennis
Assistant General Counsel
D.C. Bar No. 500815
AFGE Office of General Counsel
80 F Street NW
Washington, DC 20001
Tel: (202) 639-6424
Fax: (202) 379-2928
Email: Hampton.Stennis@afge.org

/s/ Rushab Sanghvi
Rushab Sanghvi*
Associate General Counsel
D.C. Bar No. 476894
AFGE Office of General Counsel
80 F Street NW
Washington, DC 20001
Tel: (202) 639-6424
Fax: (202) 379-2928
Email: sanghr@afge.org

Attorneys for AFGE


* Lead Counsel; Admission to the Court pending